## CLAYTON P. ARMSTRONG v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 26, 1915.

Nos. 19,524—(133).

**Verdict — deliberation of jury.**

1. It does not appear that the five-sixths verdict in this case was returned without 12 hours' deliberation.

**Damages not excessive.**

2. The damages awarded are not excessive.

Action in the district court for Ramsey county to recover $10,000 for injury received while in the employ of defendant. The case was tried before Dickson, J., and a jury which returned a verdict for $4,250. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant.

*Samuel A. Anderson* and *A. F. Story,* for respondent.

BUNN, J.

Plaintiff recovered a verdict of $4,250 in this personal injury action. Defendant appealed from an order denying a new trial. Two contentions are made by defendant on this appeal: (1) The jury returned a five-sixths verdict without 12 hours' deliberation; (2) the damages are excessive.

1. As shown by the minutes of the clerk of the district court, the jury retired at one minute past five o'clock p. m. on August 14, 1915.

[1]Reported in 154 N. W. 1075.

---

Note.—As to excessiveness of verdicts in actions for personal injuries other than death, see note in 1915F, 30.

The verdict, signed by 11 jurors, recites that it was found "after twelve hours' deliberation." It is dated "St. Paul, April 15, 1915, at five o'clock and — minutes a. m." The claim is that this shows that the jury deliberated but 11 hours and 59 minutes.

The statute, G. S. 1913, § 7805, provides that after 12 hours' deliberation, the agreement of five-sixths of the jury shall be a sufficient and valid verdict: "Deliberation of the jury shall be deemed to have commenced when the officer taking charge of the jury has been sworn, and the clerk shall enter such time in his records." It is not provided that the jury shall note in its verdict the time it reaches an agreement, nor how the fact that it has deliberated 12 hours shall be proved. There is no difficulty here except when the jury seals its verdict and disperses, as appears to have been what was done in this case. In such a situation, we think the recital in the verdict that it is rendered after 12 hours' deliberation, together with the fact that it is signed by all the jurors who concur in it, makes a *prima facie* showing that is not overcome by a notation of the hour and minute the agreement is reached or the verdict signed. We do not apply to this case the doctrine of *de minimis*.

2. If the jury believed plaintiff and his experts, the injury resulted in a permanent disability of plaintiff's left arm and shoulder, to an extent that prevented him from ever following his occupation as a brakeman. If defendant's witnesses were believed, plaintiff was malingering, and his injuries were slight and temporary. The evidence was sharply conflicting, and the verdict is necessarily final. Accepting as we must the jury's finding that plaintiff's injuries rendered his arm practically useless, we are not justified in saying that the amount awarded is so clearly excessive as to show it was the result of passion or prejudice.

Order affirmed.