ARTHUR C. WAKELEY, APPELLEE, v. DOUGLAS COUNTY, APPELLANT.

FILED DECEMBER 8, 1922. No. 22960.

1. **Statutes:** VALIDITY. The absence of any definition of the word "mob" in chapter 118, Laws 1921, is not enough to invalidate the enactment.

2. ———: CLASSIFICATION. "The power of classification rests with the legislature, and this power cannot be interfered with by the courts, unless it is clearly apparent that the legislature has by an artificial and baseless classification attempted to avoid and violate the provisions of the Constitution prohibiting local and special legislation." *Allan v. Kennard*, 81 Neb. 289.

Wakeley v. Douglas County.

3. **Constitutional Law:** RETROACTIVE LAWS. Retroactive legislation which is not merely curative or remedial, and which is not in response to any existing moral obligation, but which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions already passed, is unconstitutional and void. *Held*, that the statute here in question, chapter 118, Laws 1921, falls within the condemnation of the rule herein stated.

4. **Counties:** LIABILITY. In the absence of statutory enactment and under the common law, no recovery from the county can be had by a citizen on account of the destruction of his property at the hands of a riotous mob.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed and dismissed.*

*A. V. Shotwell* and *W. W. Slabaugh*, for appellant.

*Baldrige & Saxton, contra.*

Heard before MORRISSEY, C. J., LETTON, DAY, DEAN and ALDRICH, JJ., SHEPHERD, District Judge.

SHEPHERD, District Judge.

Two questions are involved, the constitutionality of chapter 118, Laws 1921, and the right of a citizen to recover, irrespective of statute, for the destruction of his property by a mob.

These questions arise in the suit of Arthur C. Wakeley, the appellee and plaintiff, against Douglas county, appellant and defendant, in which the former sued the latter, alleging that a riotous mob had taken possession of the courthouse and burned his library therein kept and used in his work as a judge of the district court. There was a denial of the petition, following the filing and overruling of a demurrer thereto, a trial to the court, and a finding and judgment in favor of the plaintiff.

The statute in question was passed after the described burning and within two years of the time when it occurred, and reads as follows:

"That the county commissioners or board of any county

in this state having more than 100,000 population and wherein any public building of any such county has been subjected to mob violence and the personal property of any state or county officer being situated and contained in such building at the time of such mob violence was injured or destroyed by reason thereof within two years' time prior to the passage of this act, said commissioners or board are hereby authorized and empowered and as such commissioners or board shall reimburse such persons losing such property, according to the fair and reasonable value of the damage done, from the general funds of any such county."

Whether this statute is unconstitutional is first to be considered. The defendant contends that it is, (1) as local and special legislation, (2) as unreasonably classifying its beneficiaries, (3) as retroactive, and (4) as not defining the term "mob" therein used.

While authorities are cited by the defendant which tend to sustain its point that, since the word "mob" is not defined in the statute, it should be held unconstitutional, the reasoning of such cases is not persuasive. We approve the rule of construction holding that the meaning of a word used in a statute may be determined upon judicial inquiry if any doubt arises in regard thereto. This has been generaly recognized. Illustrations may be found in *Spencer v. Looney,* 116 Va. 767; *Cole v. District Board,* 32 Okla. 692; and in the note to *Butte Miners Union v. Butte* (58 Mont. 391) found in 13 A. L. R. 746, 770, cited by the defendant itself. The finding of the trial court upon the averment of the petition that the mob was a riotous mob disposes of this contention.

We are not prepared to say that there is an unreasonable or illegal classification as to beneficiaries in the statute under consideration. "The power of classification rests with the legislature, and this power cannot be interfered with by the courts, unless it is clearly apparent that the legislature has by an artificial and baseless classification attempted to avoid and violate the pro-

visions of the Constitution prohibiting local and special legislation." *Allan v. Kennard,* 81 Neb. 289.

But conceding that retroactive operation is not always fatal to legislative enactment, there is a clear distinction between that which is harmless or merely curative and that which imposes new obligations or takes away vested rights. The latter class has always been condemned, and should be. In the case of *Society v. Wheeler,* 22 Fed. Cas. 756, 767, No. 13156, Judge Story gave the following definition of retroactive legislation which falls within the constitutional inhibition: "Upon principle, every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective." This definition has been approved and adopted in *Sturges v. Carter,* 114 U. S. 511, and in *Commissioners v. Rosche Bros.,* 50 Ohio St. 103. See, also, note to *Mills v. Geer,* 52 L. R. A. 934 (111 Ga. 275).

Exception to the rule has been recognized in cases where the retroactive law is based upon the moral right of the class benefited to the remedy given, or where, as in the case of *Commissioners of Sedgwick County v. Bunker,* 16 Kan. 498, there is an existing moral obligation to do or perform the act or duty prescribed thereby. In such category falls all, or most, of the cases, except those dealing with curative legislation, referred to in appellee's brief. "And therefore," said the Kansas court, "the legislature may in many cases pass retrospective laws to enforce previously existing moral obligations. And we think that we have already shown that this is one of such cases." See *Bennett v. Fisher,* 26 Ia. 497.

But wherein was the county of Douglas under any existing moral obligation to make good the losses of the plaintiff—appellee? From the begining of jurisprudence, and in practically all the jurisdictions of the United States, it has been generally regarded that the govern-

mental agency is under no duty to make good to the citizen the damage done by the mob, even if the same be due to the omission of such agency to properly govern. *Butte Miners Union v. Butte, supra,* and note. The moral obligation attaches when a law is passed notifying and warning the taxpayer and the citizen generally that the state or municipality will undertake the burden of such damages.

Looking at it from another point of view, why, if a moral duty rested upon Douglas county to make good the ravages of the mob, did not the legislature consider the losses of others in the courthouse, the burned clothing and implements of the janitors, the destroyed private property of clerks who could ill afford to lose? It is quite clear that the legislature did not legislate upon the ground of existing moral obligation.

Of course, if a right of the plaintiff to recover existed by the common law, or independently of the statute in question, it might be said that such statute is simply declaratory of the common law, and that accordingly it should be upheld. But the plaintiff does not argue such a right under the common law, and from our own examination we are forced to conclude that none existed.

It seems to the court also that the statute is special in its nature, and as such repugnant to section 18, art. III of the Constitution. But this we neither discuss nor decide, as, for the reason already stated, the judgment of the district court must be reversed and the cause dismissed.

REVERSED AND DISMISSED.