Lovelace v. Boatsman.

---

OSCAR R. LOVELACE, APPELLEE, V. JOHN BOATSMAN, APPELLANT.

FILED FEBRUARY 17, 1925. No. 22987.

1. Constitutional Law: ACT CHANGING PROCEDURE. A litigant has no vested right in the mode of procedure, and an action commenced before an enactment changing the procedure in the court where the action is pending, after the enactment becomes effective, is properly triable under the changed method.

2. Appeal: VERDICT. The presumption is, in the absence of proof to the contrary, that the proceedings of a court of general jurisdiction are regular, and a verdict by a five-sixths jury will not be set aside because the verdict or record does not affirmatively show that their deliberations had continued for not less than six hours.

3. Instructions given examined and approved.

4. Rulings on admission and exclusion of evidence examined and approved.

5. Appeal: AFFIRMANCE. The case presents a disputed question of fact properly submitted to the jury, and its verdict will not be disturbed.

APPEAL from the district court for Scotts Bluff county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Morrow & Morrow,* for appellant.

*Mothersead & York* and *Floyd E. Wright, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, and EVANS, JJ., REDICK and SHEPHERD, District Judges.

Evans, J.

This is an action to recover $5,000 with interest as money had and received by the defendant for the plaintiff's assignor. The plaintiff alleges the execution of a note for $10,000 by his assignor, Noyes, secured by mortgage on real estate in Nebraska and Wyoming, from the proceeds of which loan $5,000 was paid to persons designated by Noyes, and the remaining $5,000 was converted by the defendant, and the defendant thereby became indebted to Noyes in the sum of $5,000 with interest thereon for money had and received, which claim was assigned to the plaintiff, who is the owner thereof. The answer is a general denial. There was a verdict by a five-sixths jury for the amount prayed, $6,071.38. The motion for a new trial was overruled and judgment rendered for the amount of the verdict. From this judgment the defendant appeals to this court.

The circumstances out of which the loan of $10,000 arose was a sale to Noyes by one Gonser of mining stock at the agreed consideration of $5,000. The loan of $10,000 was negotiated through the defendant Boatsman, who was, at that time, president of the Farmers & Merchants Bank at Morrill. The defendant had also been an officer in the mining corporation whose stock was sold to Noyes, and it would seem from the evidence that he got $2,000 out of the Noyes transaction as his share in the deal.

The errors upon which the appellant relies will be considered in the order of their assignment. Assignments 1 and 2 insist the verdict is not supported by evidence. Noyes, the payor of the note, testified that there was to have been retained, in the Farmers & Merchants Bank, for him, out of the proceeds of the $10,000 loan, the sum of $5,000. The defendant denies that he promised to hold the $5,000 in the bank for Noyes, and the defendant and his wife testified that the arrangement at the time of the loan was that the entire $10,000 was to be placed to the credit of one Gonser. The deposit slip of the bank and its

ledger page show that it was so credited.  While the execution of the papers incident to the loan was completed on March 6, 1919, it appears on the books of the bank as of the following day, March 7, and on that day, although, including the $10,000, Gonser received credit in the bank for $16,000, his balance at the close of the day's business was $4,916.12.  On March 14, following, his balance was $2,704.51.  On March 6, 1919, Noyes received a check from Gonser for $3,000, which, he testifies, Gonser requested him not to present for a time.  The existence of the check is unexplained, except, he testifies, that it was the way that Gonser and the defendant wished "to have it done."  When he presented the check for payment to the bank, there was not sufficient funds to pay it, and Noyes testifies that the defendant informed him that it had been used in the mine.  The $10,000 loan of March 6, 1919, was paid off by Noyes before it was due, by the negotiation of a new loan secured by the same land.  The negotiations therefor being conducted by Fred Remender as to the principal sum of $7,500, and apparently jointly by Remender and the defendant as to the remaining $2,500.  The issue presented to the jury was the one raised by the pleading, and there was a clear-cut contradiction between the testimony of Noyes, called on behalf of the plaintiff, and Boatsman, the defendant, in his own behalf.  Page 20 of appellant's brief, attempting to set forth the evidence in narrative form, does not accurately reflect the same.  We quote the evidence: "Q. You and Mr. Gonser were jointly interested in certain business enterprises?  A. No; I don't know as we were. Q. Wasn't there some kind of a gold mine down in Colorado that you and Mr. Gonser were both officers of, that is the Nature Products Refining Company, and you one of the directors of that company?  A. I don't know whether I was or not, at that time.  Q. You had been before?  A. Yes; I was a director.  Q. What was Mr. Gonser in that company? A. I don't know whether he was president, secretary or treasurer.  Q. You and Mr. Gonser were jointly interested

in the selling of stock in that company in Morrill and vicinity? A. I wasn't. Q. And you went on a trip down to that mine with Mr. Gonser, and other persons went, and Mr. Noyes was along? A. Yes, sir. Q. You talked to Mr. Noyes about the mine? ' A. I don't know whether I talked with him until we got back; that is the first time I ever made— Q. But you interested him in the purchase of stock in the mine? A. No; I don't know as I ever interested anybody in the selling of stock in mines." ·

It was a proper case to go to the jury, and a finding for either party should be allowed to stand.

The defendant complains that neither the verdict nor record shows that the jury deliberated at least six hours, and assigns this as prejudicial error. The presumption is, in the absence of proof to the contrary, that the proceedings of a court of general jurisdiction are regular, and that presumption should prevail in this case. *Saxon v. Cain,* 19 Neb. 488; *Parsons v. State,* 61 Neb. 244; *Armstrong v. Great N. R. Co.,* 131 Minn. 236; *Daly v. Falk & Co.,* 131 Minn. 231.

This case was commenced on April 25, 1921, and before the act of February 19, 1921, which authorized the return of a verdict by five-sixths of the members of a jury, went into effect. The return of this verdict by that number is assigned as error. "A litigant has no vested right in the mode of procedure." *Norris v. Tower,* 102 Neb. 434; *Miami Copper Co. v. State,* 17 Ariz. 179, Ann. Cas. 1916E, 496; *Roenfeldt v. St. Louis & S. R. Co.,* 180 Mo. 554.

Assignments 9 to 17 are based upon rulings of the court as to the admission and exclusion of evidence. They have each and all been examined and disclose no prejudicial error.

The judgment is

AFFIRMED.

Note—See Constitutional Law, 12 C. J. sec. 583—Statutes, 36 Cyc. 1216.