HAPPY HOUR, INC., DOING BUSINESS AS "20TH CENTURY LOUNGE," APPELLANT, V. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.

184 N. W. 2d 630

Filed March 12, 1971. No. 37690.

S. Caporale of Shrout, Lindquist, Caporale, Brodkey & Nestle, for appellant.

Clarence A. H. Meyer, Attorney General, and Robert R. Camp, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The Nebraska Liquor Control Commission, after notice and hearing, suspended the retail liquor license of the plaintiff for 14 days effective November 10, 1969, for violation of section 53-168, R. S. Supp., 1969, and Rule 45(1) of the commission. The plaintiff then appealed to the district court where the order of the commission was affirmed. The plaintiff has now appealed to this court.

The issue presented concerns the manner in which an appeal to the district court from an order of suspension is to be tried and determined. The plaintiff contends that the applicable procedure is that prescribed by section 53-1,116, R. R. S. 1943.

In The Flamingo, Inc. v. Nebraska Liquor Control Commission, 185 Neb. 22, 173 N. W. 2d 369, we held that section 53-1,116, R. R. S. 1943, is not applicable to proceedings for suspension and that the applicable procedure is prescribed by section 84-917, R. R. S. 1943.

Section 84-917, R. R. S. 1943, was amended, effective December 25, 1969, to provide in part: "The review shall be conducted by the court without a jury on the record of the agency." § 84-917 (5), R. S. Supp., 1969. The hearing in the district court was held on March 23, 1970. Since the amendment related to a matter of procedure, it was applicable to pending cases that had not been tried. Lovelace v. Boatsman, 113 Neb. 145, 202 N. W. 418.

The plaintiff's contention that the transcript of the proceedings and the evidence before the commission should not have been received in evidence in the district court is without merit.

The judgment of the district court is affirmed.

AFFIRMED.