253 So.2d 920 (1971)
Janae Marie CARTER, Individually and As Administratrix of the Estate of Debra K. Visser, Deceased Minor, Appellant,
v.
METROPOLITAN DADE COUNTY et al., Appellees.
No. 70-998.
District Court of Appeal of Florida, Third District.
September 28, 1971.
Rehearing Denied November 23, 1971.
*921 Sinclair & Louis and Paul Siegel, Miami, for appellant.
Wicker, Smith, Pyszka, Blomqvist & Davant, Blackwell, Walker & Gray and James E. Tribble, Miami, Fleming, O'Bryan & Fleming, Ft. Lauderdale, for appellees.
Before CHARLES CARROLL, HENDRY and BARKDULL, JJ.
PER CURIAM.
Plaintiff-appellant Carter seeks review of a final judgment in favor of multiple defendants, who are appellees herein, which judgment was entered pursuant to a jury verdict. She brought a consolidated wrongful death and survival action for the death of her 14-year-old daughter, Debra. She alleged that wrongful acts were committed by: Jackson Memorial Hospital; Dr. Ruiz (then a resident) and Dr. Mills, who were doctors at Jackson Memorial's Psychiatric Institute; Sandoz Pharmaceuticals, the manufacturer of the phenothiazine drug "Mellaril" with which the decedent was treated, allegedly causing her death. We express the view that no reversible error has been demonstrated, and affirm the judgment.
Debra was committed to Jackson Memorial by juvenile authorities because of a suicide attempt by her. She responded favorably to 100 mg. per day doses of the drug "Mellaril". Dr. Ruiz, then a resident, was authorized by Dr. Mills to increase to 2400 mg. per day doses, allegedly 3 to 4 times the manufacturer's recommended dosages. On August 8, 1966, the date of Debra's death, the dosage was 2,000 mg. per day, purportedly contrary to the manufacturer's recommendations to decrease a dosage to the smallest effective dose. Apparently Dr. Mills knew of the "sudden death phenomenon" associated with the drug; see, e.g., L.E. Hollister and J.C. Kosek, "Sudden Death During Treatment with Phenothiazine Derivatives," 192 Journal of the American Medical Association 1035 (June, 1965).
The appellant seeks reversal on the grounds that the court erred: (1) in denying a curative instruction or motion for mistrial for improper closing argument by defense counsel; (2) in refusing to direct a verdict against the drug manufacturer at the close of all the evidence and to give a charge as to a manufacturer's liability upon theories of implied warranty of merchantability and of negligence per se for violation of Florida's penal statutes concerning misbranded drugs; (3) in refusing to instruct as to "informed consent", where the deceased, without the consent of the parent or the court, was administered excessive doses of a dangerous drug; (4) excluding part of the incident report of Dr. Ruiz and the summary of the "Grand Round"[1] presentation containing admissions against interest; (5) in giving repetitious charges on the standard of care; (6) in excluding testimony that appellant learned of her daughter's death when an employee of Jackson Memorial telephoned to request a gift of her daughter's eyes to the hospital; (7) refusing to direct a verdict against the doctors and County and in denying a motion for directed verdict or new trial; (8) in mistreating appellant's attorney.
We have carefully reviewed the record, considered the briefs and arguments of counsel and have concluded that no reversible error has been demonstrated, therefore the judgment appealed is confirmed. See: e.g., Clark v. Yellow Cab Company of Miami, Fla.App. 1967, 195 So.2d 39 and Americana of Bal Harbour, Inc. v. Kiester, Fla.App. 1971, 245 So.2d 121, 123; Katz *922 v. Harrington, Fla.App. 1969, 226 So.2d 11, 14; Love v. Wolf, 226 Cal. App.2d 378, 38 Cal. Rptr. 183, 192 and 197-198 (Cal.3d Dist.Ct.App., 1964), cf. Green v. American Tobacco Co., Fla. 1963, 154 So.2d 169 and see generally, "Anno., Manufacturer's or seller's duty to give warning regarding product as affecting his liability for product-caused injury", 76 A.L.R.2d 9 (1961) and Mr. Justice Roberts concurring specially in Community Blood Bank, Inc. v. Russell, Fla. 1967, 196 So.2d 115, 118 et seq.; Section 39.08, Fla. Stat., F.S.A.; Bredice v. Doctors Hospital, Inc., 50 F.R.D. 249 (D.D.C., 1970) adhered to 51 F.R.D. 187 (D.D.C., 1970); and Winn-Dixie Stores, Inc. v. Miller, Fla.App. 1969, 220 So.2d 680 and cases cited.
Affirmed.
NOTES
[1] The "Grand Round" report was a summary of the hospital's teaching session wherein the views of the faculty residents and clinical clerks were recorded as minutes.