IN RE ESTATE OF JOSEPH COOK, DECEASED.
FRANCIS B. HAIAR, APPELLANT, V. E. J. KESSLER, ADMINISTRATOR OF THE ESTATE OF JOSEPH COOK, DECEASED, APPELLEE.
196 N. W. 2d 380

Filed April 14, 1972. No. 38149.

Robak & Geshell, for appellant.
Ray C. Simmons, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

A petition on appeal against the estate of a deceased alleged negligent damage in a tractor-automobile collision at a controlled intersection. During the trial the district court dismissed the petition at the close of petitioner's case-in-chief. Petitioner appeals. He asserts that he satisfied the burden of producing evidence and that the court in excluding evidence misconstrued an amendment to the dead man's statute.

The intersection, located in the Village of Humphrey, was controlled by 4 stop signs, one at each corner. One street ran north-south, the other east-west. Each was approximately 28 feet wide and carried two-way traffic.

A witness heard the collision. She looked and saw petitioner Francis B. Haiar, fall from his tractor. She also saw a Chevrolet automobile owned by Joseph Cook, the deceased, move away from the tractor.

A village police officer found the back wheels of the tractor in a damaged condition on the terrace at the southeast corner of the intersection. The same day he interviewed Cook, age 81, at Cook's home. Cook admitted having run a stop sign, having cut a corner short, and having turned too quickly. The officer noted damage to the lamp on the left front fender of Cook's Chevrolet automobile.

The evidence is insufficient to imply (1) the existence or nonexistence of movement of the tractor or (2) the direction of movement of either vehicle. It did not satisfy the burden of Haiar to produce evidence.

The controversy over the meaning of the amendment to the dead man's statute resulted from these circumstances. Prior to 1969 this court had decided that a motor vehicle collision was a transaction within the meaning of the dead man's statute. See Bowers v. Maire, 179 Neb. 239, 137 N. W. 2d 796 (1965). In 1969

the Legislature enacted L.B. 377, which amended the statute to read: "No person having a direct legal interest in the result of any civil action or proceeding, other than those arising upon unintentional tort after the effective date (December 25, 1969) of this act . . . shall be permitted to testify . . .." § 25-1202, R. S. Supp., 1969; Laws 1969, c. 184, § 1, p. 776.

The collision between Haiar and Cook had occurred September 7, 1966. Haiar filed his claim against the estate on April 9, 1970. The district court construed the phrase "after December 25, 1969," to refer to occurrence of the tort. Haiar asserts that the phrase refers to commencement of the action or proceeding.

Referential and qualifying words in a statute, where no contrary intention appears, refer solely to the last antecedent. 2 Sutherland, Statutory Construction, § 4921, p. 448 (3d Ed., 1943); Nebraska State Railway Commission v. Alfalfa Butter Co., 104 Neb. 797, 178 N. W. 766 (1920). A statutory amendment relating to procedure is ordinarily applicable to pending cases that have not been tried. Cf. Happy Hour, Inc. v. Nebraska Liquor Control Commission, 186 Neb. 533, 184 N. W. 2d 630 (1971).

We see no reason to adopt a construction contrary to syntax. The antecedent of the date of the amendment is occurrence of the unintentional tort, not commencement of the action or proceeding.

The district court construed the amendment correctly. The judgment is affirmed.

AFFIRMED.