ELSIE M. OVIATT, APPELLANT, v. THE ARCHBISHOP BERGAN MERCY HOSPITAL, A CORPORATION, APPELLEE.

214 N. W. 2d 490

Filed January 31, 1974. No. 39072.

John J. Higgins, Jr., and J. Patrick Green of Eisenstatt, Higgins, Kinnamon & Okun, for appellant.

Emil F. Sodoro, David A. Johnson, and Ronald H. Stave, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and COLWELL, District Judge.

BOSLAUGH, J.

The plaintiff was admitted to the defendant hospital for a hysterectomy which was performed on March 1, 1965. The operation was performed by Dr. Walter J. Holden with Dr. Clarence M. Hartmann, her personal physician, assisting. Following the operation the plaintiff had difficulty with her right foot and it was discovered that the sciatic nerve had been damaged. The plaintiff believes the nerve was damaged when Dr. Holden tied the hypogastric artery in an effort to con-

trol the massive hemorrhage that had been encountered.

This action was brought against the hospital to recover damages for the injury to the nerve and the resulting disability sustained by the plaintiff.

The third amended and substituted petition upon which the case was tried alleged in substance that the hospital was negligent in failing to revoke the staff privileges of Dr. Hartmann and in permitting him to assist Dr. Holden in performing surgery upon the plaintiff. The plaintiff's theory of the case was that Dr. Hartmann was not competent to assist in surgery.

By discovery procedures the plaintiff had obtained copies of the personnel records of the hospital pertaining to the restriction or suspension of Dr. Hartmann's staff privileges in the defendant hospital in 1964 and 1965. Only one suspension had occurred prior to March 1, 1965. Before trial, the defendant filed a motion in limine to prevent the plaintiff from using or referring to any proceedings, minutes, records, or reports of the medical staff committee of the defendant because the documents were privileged under section 71-2048, R. R. S. 1943. The motion was sustained on March 26, 1973, and the case proceeded to trial on that date. The trial court dismissed the action at the close of plaintiff's evidence. The plaintiff has appealed and her assignments of error relate to the ruling on the motion.

Section 71-2048, R. R. S. 1943, is a part of a 1971 act relating to medical staff committees and utilization review committees, and requires all licensed hospitals to establish such committees. It further provides the proceedings, minutes, records, and reports of such committees, together with all communications originating in such committees, shall be privileged and not subject to discovery unless the privilege is waived by the patient and a court of record orders their disclosure after a hearing at which "good cause arising from extraordinary circumstances" is shown. § 71-2048, R. R. S. 1943.

There is much discussion in the briefs as to whether a rule of privilege should be considered to be substantive or procedural in nature. It is a general rule that a litigant has no vested right in a rule of evidence, and amendments to statutes which are procedural in nature are applicable to pending cases which have not been tried. See, State v. Heldenbrand, 62 Neb. 136, 87 N. W. 25; Happy Hour, Inc. v. Nebraska Liquor Control Commission, 186 Neb. 533, 184 N. W. 2d 630; Haiar v. Kessler, 188 Neb. 312, 196 N. W. 2d 380.

The basis for the privilege extended to medical staff committees and utilization review committees is the public interest in the improvement of the care and treatment of hospital patients. The Joint Commission on Accreditation of Hospitals requires there be constant analysis and review of the clinical work done in a hospital. The importance of communication of information to the committees and full and open discussion in the committees during the review of clinical work can be easily seen.

In Bredice v. Doctors Hospital, Inc., 50 F. R. D. 249, U. S. Dist. Ct., D. C., in a decision not based upon a statute, the minutes and reports of any board or committee concerning the death of a patient were held to be privileged from discovery. There the court said: "Confidentiality is essential to effective functioning of these staff meetings; and these meetings are essential to the continued improvement in the care and treatment of patients. Candid and conscientious evaluation of clinical practices is a sine qua non of adequate hospital care. To subject these discussions and deliberations to the discovery process, without a showing of exceptional necessity, would result in terminating such deliberations. Constructive professional criticism cannot occur in an atmosphere of apprehension that one doctor's suggestion will be used as a denunciation of a colleague's conduct in a malpractice suit. * * * The pur-

pose of these staff meetings is the improvement, through self-analysis, of the efficiency of medical procedures and techniques. They are not a part of the current patient care but are in the nature of a retrospective review of the effectiveness of certain medical procedures." See, also, Carter v. Metropolitan Dade County (Fla. App.), 253 So. 2d 920; Gillman v. United States, 53 F. R. D. 316, U. S. Dist. Ct., S. D. N. Y.

We conclude the proceedings and records of the medical staff committee of the defendant hospital were privileged and the defendant's motion was properly sustained.

The trial court's rulings on some of the evidence offered by the plaintiff may have been more restrictive than could be sustained by the privilege accorded to the proceedings of a medical staff committee. However, there was no prejudice in any of these rulings. Before the defendant could be found to be negligent in failing to revoke the staff privileges of Dr. Hartmann, it was necessary for the plaintiff to prove facts known to the defendant before March 1, 1965, that required a revocation of Dr. Hartmann's hospital privileges. It was further necessary for the plaintiff to prove the proximate cause of her injury was something that Dr. Hartmann did or failed to do while assisting in the operation. There was a failure of proof on both of these elements.

The judgment of the District Court is affirmed.

AFFIRMED.