REQUESTED BY: Henry D. Smith, M.D., M.P.H., Director of Health.
Does the closing sentence in section 71-313(10), R.R.S. 1943, require places of cosmetology to be separated only from living quarters or also from other establishments?
Only between a school of cosmetology and any living quarters.
After defining a `place of cosmetology' in a way that includes only beauty salons and schools of cosmetology, section71-313(10), R.R.S. 1943, provides:
 ". . . Either of such establishments shall be entirely distinct and permanently separated from and living quarters and have a separate entrance entering into such establishment, except that in the case of duly registered beauty salons there may be no more than one door connecting the beauty salon; . . ."
The general rule in that section was enacted in 1961. The exception was added in 1972. It does not state what can be connected to the beauty salon by one door.
With such an ambiguity, the section is subject to construction. In doing so the entire language of the statute is to be given effect. The different provisions of it are to be reconciled so that they are consistent, harmonious and sensible. The Legislature is to be presumed to have had in mind all previous legislation on the subject. See Ledwithv. Bankers Life Insurance Company of Nebraska, 156 Neb. 107,54 N.W.2d 409 (1952). The history of its passage may also be considered. Pettigrew v. Home Insurance Company,191 Neb. 312, 214, N.W.2d 920 (1974).
 "The intention of the legislature is the law, and such intention is to be gathered from the meaning of the language used, in the light of the necessity for or reason of the enactment and the object sought to be attained, and, in determining the meaning of the language, its ordinary and its grammatical construction is to be followed, unless an intent appears to the contrary, or unless, by following such construction, the intended effect of the provisions would apparently be impaired." Nebraska State Railway Commission v. Alfalfa Butter Company, 104 Neb. 797, 798, 178 N.W. 766 (1920).
Referential and qualifying words, where no contrary intention appears, are to be considered as referring solely to the last antecedent. Haiar v. Kessler, 188 Neb. 312,196 N.W.2d 380 (1972).
According to its legislative history, the exception was intended to change the existing law requiring a beauty salon to be completely partitioned off from a home. It was to allow a home beauty salon operator to have one door connecting the salon with the home. The fact that the Legislature saw no need to state what could be connected to the beauty salon by one door supports the inference that `distinct' as well as `separated' is modified by `from any living quarters.' In such a case, the rule that qualifying words in a statute apply solely to the last antecedent would not apply.
We have concluded that section 71-313(10), requires complete segregation only between a school of cosmetology and any living quarters.