REQUESTED BY: Dear Senator:
You have asked whether section 24 of LB 795, with committee amendments found on page 840 of the Legislative Journal on February 21, 1978, could be construed to require the following projects to go through the Certificate of Need process: (1) Projects under construction prior to January 1, 1979, (2) Projects which have already undergone section 1122 review but for which construction has not commenced as of January 1, 1979, or (3) Projects which are not under construction prior to January 1, 1979, but which have undergone section 1122 review and are on appeal in the courts on January 1, 1979. We have concluded that it could. If the bill as thus amended were to become law, there are several ambiguities in it which would open it up to statutory construction.
It is a rule of statutory construction that referential and qualifying words in a statute, where no contrary intention appears, refer solely to the last antecedent. SeeHaiar v. Kessler, 188 Neb. 312, 196 N.W.2d 380 (1972). Even with this rule it is not clear in section 24(2) whether `of the hundred fifty thousand dollars' refers (1) to payments or commitments actually made before January 1, 1979, or (2) to the projected cost of the development or expansion of the facility or health maintenance organization on which some payments or commitments toward that total have been made before January 1, 1979, or (3) to the value of the facility or health maintenance organization proposing to develop the new health service.
It is a rule of statutory construction that where a statute enumerates the things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned unless the Legislature has plainly indicated a contrary purpose or intention. See Ledwith v.Bankers Life Insurance Company of Nebraska, 156 Neb. 107,54 N.W.2d 409 (1952). Thus, section 24 could be construed as not exempting some projects in each of the three categories you have mentioned because they do not meet both requirements for exemption. Some examples are projects which did not require section 1122 reviews or, if they did, their developers chose to forego federal reimbursements rather than to have such a review.
It is a rule of statutory construction that a legislative act will not operate retroactively unless the legislative intent that it is to do so is clearly disclosed. SeeState ex rel. City of Grand Island v. Union Pacific RailroadCompany, 152 Neb. 772, 788, 42 N.W.2d 867 (1950). Although LB 795 is not expressly given a retroactive application, it could be construed as not exempting projects on which the bill may have a retroactive effect because such projects are not expressly exempted. These are projects not meeting both requirements in section 24(1) but on which over $150,000.00 have been spent in planning and site construction before January 1, 1979, and/or on which construction has started before January 1, 1979. Such projects will have passed before the operative date of the bill the points at which Certificates of Need will be issued after that date.
In conclusion, all the projects you have mentioned are not clearly exempted from the Certificate of Need process. Neither are all projects on which the bill may have a retroactive effect. Such exemptions as well as the first requirement for exemption under section 24(1) could be clarified by additional amendments.