REQUESTED BY: Henry D. Smith, M.D., M.P.H., Director of Health, Nebraska Department of Health.
Is any hospital or health care facility operated by a fraternal organization mentioned in section 21-608 and amendments thereof exclusively for its own members exempt only from standards for the care of persons or also from standards for the construction, maintenance and operation of such health care facilities?
From both unless the organization elects to be bound by the standards in order to have its facility licensed.
Section 71-2017, R.R.S. 1943, states that the purpose of sections 71-2017 to 71-2029 is to provide for the development, establishment and enforcement of basic standards (1) for the care of persons in certain health care facilities and (2) for the construction, maintenance and operation of such health care facilities. There is a proviso, added by amendment in section 71-2017(1), that any hospital or other health care facility owned or operated by a fraternal organization mentioned in section 21-608 and amendments thereof exclusively for its own members shall be exempt.
The office of a proviso is to restrain or modify the enacting clause, not to enlarge it or confer a power. SeeMcKenzie v. Mukilteo Water Dist., 102 P.2d 251 (Wash. 1940). Thus, as qualifying words, the proviso refers only to the standards for the care of persons unless a contrary intention appears. See Haiar v. Kessler, 188 Neb. 312,196 N.W.2d 380 (1972).
In this case the exemption is followed by these words:
 "except any such fraternal organization owning or operating such a hospital or other health care facility may be issued a license for such hospital or other health care facility upon its written application and upon its agreeing to comply with the provisions of sections 71-2017 to 71-2029, . . ."
There would be no need for such an organization to elect to be bound by such standards in order to license its facility if it was already bound by such standards as a condition for the licensure required by section 71-2018, R.R.S. 1943. See section 71-2023(1), R.R.S. 1943.
If the Legislature wanted the exemption for such facilities to be limited, it could have stated those limitations as it did for the exemption granted in section 71-2017(2) for facilities operated by certain church groups. (Those facilities are not exempt from licensure or inspections pertaining solely to sanitation, fire prevention, safety standards, and building and construction codes.) Where a statute enumerates the things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned. See Ledwith v. Bankers Life InsuranceCo. of Nebraska, 156 Neb. 107, 54 N.W.2d 409 (1952).
From the above we have concluded that certain health care facilities owned and operated exclusively for its own members by a fraternal organization mentioned in section21-608 are exempt from the basic standards referred to in both sections 71-2017(1) and (2) unless such organization has agreed to comply with such standards in order to license its facilities. Our conclusion is consistent with the legislative history of section 71-2017 which shows an intent to exempt such facilities although it does not clarify from what they are to be exempted. (The conflict between the exemption and the licensing requirement in section 71-2018
should be given effect only to the extent of the conflict. See Ledwith, above, at 119.)