## DEBORA HARRIS, APPELLANT, V. OMAHA HOUSING AUTHORITY AND OMAHA TEMPORARY SERVICES, INC., APPELLEES.

698 N.W.2d 58

Filed June 17, 2005. No. S-04-555.

Phillip G. Wright, of Wright & Associates, for appellant.

David L. Welch, of Pansing, Hogan, Ernst & Bachman, L.L.P., for appellee Omaha Housing Authority.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

The appellant, Debora Harris, was allegedly injured in a slip-and-fall accident on January 18, 1999, on premises owned and controlled by the Omaha Housing Authority (OHA). OHA is a public housing agency operating pursuant to the Nebraska Housing Agency Act (NHAA), Neb. Rev. Stat. § 71-1572 et seq. (Reissue 2003). The question presented in this appeal is whether the 2-year statute of limitations of the Political Subdivisions Tort Claims Act (PSTCA), Neb. Rev. Stat. § 13-901 et seq. (Reissue 1997), applies to Harris' cause of action against OHA, despite the fact that the PSTCA was not made explicitly applicable to housing agencies until January 1, 2000. We conclude the PSTCA applies and affirm the judgment of the district court dismissing Harris' complaint.

## BACKGROUND

Harris' operative complaint alleges that she was injured on January 18, 1999, when she was walking through an OHA parking lot and slipped and fell on ice. Harris' complaint alleges, generally, that her fall occurred because of negligence on the part of OHA.

Harris' initial complaint was filed in the district court on January 15, 2003. OHA filed a motion to dismiss pursuant to

Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(6) (rev. 2003), asserting that Harris' complaint was barred by § 13-919, because she failed to file her claim with OHA within 1 year and did not file her lawsuit within the 2-year statute of limitations. In response, Harris filed an affidavit, attached to a letter from OHA's insurer dated July 8, 1999, indicating that OHA and its insurer were made aware of Harris' claim less than 6 months after Harris'. accident. After further proceedings not relevant to this appeal, Harris filed her operative second amended complaint, and OHA again filed a rule 12(b)(6) motion to dismiss, now grounded solely in the statute of limitations.

The district court entered an order dismissing Harris' complaint as to OHA, concluding that Harris' complaint was time barred pursuant to § 13-919. The court indicated that Harris' action could continue against Harris' employer at the time of the accident, made a party to the action by virtue of workers' compensation payments it made to Harris. See Neb. Rev. Stat. § 48-118 (Reissue 1998). Harris' appeal from that order was dismissed by the Nebraska Court of Appeals for lack of a final, appealable order, and we denied Harris' petition for further review. On remand, the district court dismissed Harris' complaint as to all parties. The court again determined that Harris' complaint was time barred, and Harris perfected this appeal.

## ASSIGNMENTS OF ERROR

Harris assigns, restated, that the district court erred in (1) determining that OHA was a political subdivision for purposes of the PSTCA on January 18, 1999; (2) finding that the PSTCA applied to Harris' case; and (3) determining that Harris' claim did not fall within (a) the "discretionary function" or "snow and ice" exceptions to the PSTCA set forth in §§ 13-910(2) and 13-910(10) or (b) the insurance exception to the claim requirement of the NHAA set forth in § 71-15,168.

## STANDARD OF REVIEW

A challenge that a pleading is barred by the statute of limitations is a challenge that the pleading fails to allege sufficient facts to constitute a cause of action. *Becker v. Hobbs*, 256 Neb. 432, 590 N.W.2d 360 (1999). A district court's grant of a motion to dismiss for failure to state a claim under rule 12(b)(6)

is reviewed de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Anderson v. Wells Fargo Fin. Accept., ante* p. 595, 694 N.W.2d 625 (2005). See, also, *Varner v. Peterson Farms*, 371 F.3d 1011 (8th Cir. 2004) (when it appears from face of complaint that limitation period has run, statute of limitations defense may be asserted by Fed. R. Civ. P. 12(b)(6) motion to dismiss).

 Which statute of limitations applies is a question of law that an appellate court must decide independently of the conclusion reached by the trial court. *Nuss v. Alexander, ante* p. 101, 691 N.W.2d 94 (2005). The meaning of a statute is also a question of law, and a reviewing court is obligated to reach conclusions independent of the determination made by the court below. See *Cox Nebraska Telecom v. Qwest Corp.*, 268 Neb. 676, 687 N.W.2d 188 (2004).

## ANALYSIS

### Retroactive Applicability of PSTCA

Prior to January 1, 2000, housing authorities in Nebraska were created and operated pursuant to the Nebraska Housing Authorities Law (NHAL), Neb. Rev. Stat. §§ 71-1503, 71-1509, and 71-1518 to 71-1554 (Reissue 1996). Generally stated, the NHAL authorized cities, villages, and counties in Nebraska to create housing authorities and joint housing authorities. See § 71-1519. The commissioners for these housing authorities were appointed by the political subdivisions that created the housing authorities, and the commissioners were subject to removal for misconduct in office by the same political subdivisions. See §§ 71-1523 and 71-1526. However, the NHAL did not specify whether housing authorities were agencies of the political subdivisions that created them, political subdivisions in their own right, or some other form of public corporation. See, generally, *Fisher v. Housing Auth. of City of Omaha*, 214 Neb. 499, 503, 334 N.W.2d 636, 639 (1983) (concluding Administrative Procedure Act did not apply to OHA because "housing authorities in Nebraska are units of local government rather than state government"). Compare *Lock v. City of Imperial*, 182 Neb. 526, 531, 155 N.W.2d 924, 927 (1968) (concluding municipal airport

authorities are not agencies of city, but "supplementary, separate, and independent public corporation[s]").

Under the NHAL, a person who had a tort claim against a housing authority was required to file that claim in writing with the executive director or secretary of the authority. § 71-1553(1). If the claimant was unsatisfied with the disposition of his or her claim, or if the claim was not paid or satisfied within 90 days of the filing, the claimant was entitled to request a hearing before the board of commissioners of the authority. *Id.* The board of commissioners was required to dispose of the claim within 6 months of the filing of the claimant's written request for hearing. *Id.* The procedure for judicial review of disputed claims was not specified by the NHAL.

The NHAL was repealed in 1999 and replaced by the NHAA. See 1999 Neb. Laws, L.B. 105. Section 71-1553 was recodified as § 71-15,168, except that operative January 1, 2000, § 71-15,168(1) expressly provided that "[a]ll tort claims against a housing agency shall be governed by the Political Subdivisions Tort Claims Act." Subject to certain exceptions that are not relevant to this case, all suits permitted under the PSTCA "shall be forever barred unless begun within two years after such claim accrued." § 13-919(1).

It is not disputed in this case that Harris' claim accrued when she was injured on January 18, 1999. However, her complaint was not filed until January 15, 2003. This would be within the 4-year statute of limitations generally applicable to tort actions, see Neb. Rev. Stat. § 25-207 (Reissue 1995), but outside the 2-year statute of limitations prescribed by § 13-919(1). If the PSTCA applies to Harris' claim against OHA, her complaint is untimely, as the district court found.

In her first and second assignments of error, Harris contends that OHA was not a political subdivision when she was injured on January 18, 1999, and that the subsequent incorporation of the PSTCA by the NHAA does not operate retroactively to bar her cause of action. We do not determine whether the OHA was a political subdivision, or an agency of a political subdivision, prior to January 1, 2000, because we conclude that in any event, the statute of limitations imposed by § 13-919(1) applies to Harris' action.

▉▉▉ Procedural amendments to statutes are ordinarily applicable to pending cases, while substantive amendments are not. *Kratochvil v. Motor Club Ins. Assn.*, 255 Neb. 977, 588 N.W.2d 565 (1999), citing *Oviatt v. Archbishop Bergan Mercy Hospital*, 191 Neb. 224, 214 N.W.2d 490 (1974); *Haiar v. Kessler*, 188 Neb. 312, 196 N.W.2d 380 (1972). See, also, *In re Interest of Clifford M. et al.*, 261 Neb. 862, 626 N.W.2d 549 (2001). Statutes of limitations are generally considered procedural, and legislative changes to limitation periods operate on all proceedings instituted after passage, whether the rights accrued before or after that date. *Kratochvil, supra*. See, also, *Schendt v. Dewey*, 246 Neb. 573, 520 N.W.2d 541 (1994); *Cedars Corp. v. Swoboda*, 210 Neb. 180, 313 N.W.2d 276 (1981); *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979); *Denver Wood Products Co. v. Frye*, 202 Neb. 286, 275 N.W.2d 67 (1979).

▉▉▉ This is because a substantive right is one which creates a right or remedy that did not previously exist and which, but for the creation of the substantive right, would not entitle one to recover. *Kratochvil, supra*, quoting *Behrens v. American Stores Packing Co.*, 228 Neb. 18, 421 N.W.2d 12 (1988). A procedural right, on the other hand, is simply the method by which an already existing right is exercised. *Id.* Laws prescribing the time within which particular rights may be enforced generally relate to remedies only and not substantive rights. *Id.*, quoting *Whitten v. Whitten*, 250 Neb. 210, 548 N.W.2d 338 (1996).

The situation presented in *Kratochvil, supra*, is comparable to the instant case. In *Kratochvil*, an insured brought an action against an insurer to recover uninsured motorist benefits. The insured had been injured on May 15, 1991, and his action against the insurer was filed on May 14, 1996. However, the Uninsured and Underinsured Motorist Insurance Coverage Act (UUMICA), Neb. Rev. Stat. § 44-6401 et seq. (Reissue 2004), had become operative on January 1, 1995, and had created a specific limitation period as to when actions against insurers for uninsured motorist benefits could be maintained. See *id.* The insured's action had been filed outside that period. We concluded that the provisions of the UUMICA applied to bar the insured's cause of action, because, "[a]s a legislative change of

a procedural limitation period," it "operate[d] on all proceedings instituted after its passage." *Kratochvil*, 255 Neb. at 985, 588 N.W.2d at 572.

Similarly, in the instant case, the incorporation of the PSTCA's procedures into the NHAA did not serve to create or change the right to a remedy for tort claims against a housing agency. In conjunction, §§ 13-919(1) and 71-15,158 operate as a statute of limitations for a tort claim against a housing agency, as they prescribe the period within which an action may be brought upon such a claim. See *Kratochvil, supra*. Incorporation of the PSTCA was not, therefore, an alteration of a substantive right, but, rather, a procedural change that merely related to the remedy.

The Legislature's power to change limitation periods is subject to two restrictions. First, the Legislature may not deprive a defendant of a bar which has already become complete. Second, the Legislature may not deprive a plaintiff of an already accrued cause of action without providing the plaintiff a reasonable time in which to file the action. *Kratochvil v. Motor Club Ins. Assn.*, 255 Neb. 977, 588 N.W.2d 565 (1999). The "reasonable time" restriction is intended to ensure that a plaintiff is not denied his or her constitutional right to due process of law; the question is whether the time afforded the plaintiff to file his or her claim was "reasonable" in that no such constitutional violation occurred. See *id*.

However, our decision in *Kratochvil, supra*, is also dispositive of this issue. A reasonable time for prosecution of a claim must be of sufficient duration to afford full opportunity to resort to the courts for enforcement of the rights on which the statute of limitations operates. *Id*. In *Kratochvil*, we concluded that 4½ months was a reasonable time for the plaintiff to file his claim after the UUMICA became operative. That being the case, it is clear that Harris, who had over a year to file her complaint after the NHAA became effective, was afforded a reasonable time to assert her claim before it became time barred.

For the foregoing reasons, Harris' first and second assignments of error are without merit. Section 13-919(1) was applicable to Harris' cause of action against OHA.

## EXCEPTIONS TO PSTCA

Harris next argues that the PSTCA does not apply to her claim because it falls within two statutory exceptions set forth in § 13-910, which provides, in relevant part:

The Political Subdivisions Tort Claims Act . . . shall not apply to:

. . . .

(2) Any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of the political subdivision or an employee of the political subdivision, whether or not the discretion is abused; [or]

. . . .

(10) Any claim arising out of snow or ice conditions or other temporary conditions caused by nature on any highway . . . bridge, public thoroughfare, or other public place due to weather conditions.

 Harris' argument is without merit, however, because she misapprehends the nature of the exceptions set forth in § 13-910. Harris contends that the requirements of the PSTCA do not apply to claims that fall within § 13-910. In fact, the exceptions set forth in § 13-910 are affirmative sovereign immunity defenses to claims brought pursuant to the PSTCA. See, generally, *Lawry v. County of Sarpy*, 254 Neb. 193, 575 N.W.2d 605 (1998). In other words, if a political subdivision proves that a plaintiff's claim comes within an exception pursuant to § 13-910, then the claim fails based on sovereign immunity, and the political subdivision is not liable.

Harris' second assignment of error provides no basis for reversing the judgment of the district court. Even if Harris is correct in contending that her claim falls within § 13-910, such a finding would require that her complaint be dismissed.

## NHAA INSURANCE EXCEPTION

In support of her final assignment of error, Harris argues that her claim falls within the "insurance exception" of the NHAA. Section 71-15,168 provides, in relevant part:

(1) *All tort claims against a housing agency shall be governed by the Political Subdivisions Tort Claims Act.*

(2) Every person who has any claim against a housing agency, *other than a tort claim under subsection (1) of this section,* shall file the same, in writing, with the executive director or other person who may be acting as the secretary of such agency. If the claim is in contract, the claim shall state the services provided or articles furnished, as the case may be, and shall show the amount charged and claimed due and unpaid, allowing all just credits. *The procedures set forth in this section shall not be applicable to any claim against any agency if the agency advises the claimant in writing that the liability of the agency for such claim, if any, is covered by insurance in whole or in part.*

(Emphasis supplied.)

As set forth above, § 71-15,168(2) expressly states that the claim procedures of the NHAA apply to a claim "other than a tort claim" under the PSTCA. The PSTCA contains its own, specific provisions governing the effect of a political subdivision's purchase of liability insurance. See § 13-916. There is no indication that the Legislature intended tort claims against housing agencies to be treated differently. In discerning the meaning of a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense, as it is the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. *Burlington Northern Santa Fe Ry. Co. v. Chaulk,* 262 Neb. 235, 631 N.W.2d 131 (2001). When § 71-15,168 is read as a whole, it is plain that the Legislature intended the insurance exception to apply to claims "other than a tort claim," not to claims that would otherwise be governed by the PSTCA. Regardless of whether Harris' claim is covered by OHA's liability insurance, it is a tort claim against a housing agency and is subject to the PSTCA pursuant to the plain language of § 71-15,168(1). Harris' final assignment of error is without merit.

## CONCLUSION

Harris' claim against OHA was subject to the 2-year statute of limitations of the PSTCA, and her complaint was time barred. The judgment of the district court is affirmed.

AFFIRMED.