**Marie A. RICHARDS, Administratrix, Plaintiff,**

**v.**

**MAINE CENTRAL RAILROAD, Defendant.**

Civ. A. No. 5–54.

United States District Court
D. Maine, S. D.
Sept. 30, 1957.

See also, 21 F.R.D. 593.

an intersection between the roadway and defendant's railroad track, upon which the railroad motor car was being operated in defendant's behalf by one A. J. Lawrence, an employee of defendant, and to have been caused by negligence in the operation of the motor car and the violation 'in respect of it of the Safety Appliance Act.

· The ruling presently announced arises in the course of pretrial discovery proceedings in the action. Proceeding ostensibly under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A., plaintiff served upon defendant written interrogatories, forty-two in number, of which several were subdivided into two or more questions. To most of the interrogatories defendant made answer. But to the others it objected in writing. Hearing has been had upon the objections, and the questions at which they are aimed; and this ruling is made upon the issues thus arising. It seems appropriate simply to announce the ruling, and very briefly to indicate the reasons for its several aspects.

The court sustains the objections of the defendant to the interrogatories numbered 9(d), (e), and (f), 14, 19, 31, 32(a) and (b), and 33, and absolves the defendant from any obligation to answer those interrogatories, or any of them.

Edward J. Beauchamp and Daniel J. Murphy, Lewiston, Me., and John Feehan, So. Portland, Me., for plaintiff.

Leonard A. Pierce, Vincent L. McKusick and William C. Smith, Portland, Me., (Hutchinson, Pierce, Atwood & Allen, Portland, Me.), for defendant.

· DELEHANT, District Judge (retired, serving by assignment).

The principal action is brought within the Safety Appliance Act, Title 45 U.S.C.A. § 1 et seq., and the Federal Employers' Liability Act, Title 45 U.S.C.A. § 51 et seq., by plaintiff, as administratrix of the estate of Florian J. Richards, to recover judgment for the instant death of her intestate on or about July 24, 1956, as a result of the collision of a railroad motor car of defendant, upon which the decedent was riding in the course of his employment, and an automobile proceeding along a roadway. The collision is alleged to have occurred at

Interrogatories 9(d), (e) and (f) severally inquire, in relation to the work of Lawrence after July 24, 1956 for defendant, for what period of time he was absent from work, the capacity in which he was employed after his reinstatement or reemployment, and whether, and, if so, to what extent, he lost seniority following the collision. Though not explicitly articulated into supposed railroad company disciplinary action against Lawrence, those questions are almost inevitably oriented to that point. As such, they are by the court considered to be irrelevant to the present action; and their allowance is regarded as violative of public policy.

What directly matters are Lawrence's acts or omissions in the operation of the motor car at and shortly before the time of the collision. What some one, even an executive of defendant, at a subsequent date thought of these acts or omissions is not relevant to the case. And the traveling public and railroad employees, on the score of safety, have such a stake in the orderly administration of employee discipline by the operator of a line of railroad that the courts ought not to impose upon such an operator hazards which will render unlikely the resort to such discipline.

Interrogatory 14 inquires respecting "the maximum speed attainable by a railroad motor car of this type." It is enough to observe that an answer to that question has nothing to do with the issue before the court. The interrogatory is clearly irrelevant.

In quite another category are interrogatories numbered 19, 31, 32(a) and (b), and 33. Manifestly, what interrogatory 19 aims to obtain is a conclusion or opinion of the defendant, and upon a matter of law, at that. It inquires "whether or not it is the duty of the railroad to keep railroad crossings clear of objects which would obstruct one's view on approaching said crossings." It would appear that the subject inquired about is one upon which, in the light of the evidence, the trial judge will be required to instruct the jury in his charge. Questions 31 and 32(a) and (b), ask defendant to advance what must inevitably be only its conclusion or opinion upon what caused certain and separate post-collision phenomena. They thereby serve principally to provoke an argument respecting causation, not to elicit facts. Finally, question numbered 33 must fail, because it is expressly made to depend upon the allowability of the several parts of the immediately previous question.

The objections to interrogatories numbered 12(e), 13, 16(a) to (f), 17, 24, 25, 27(a) and (b), 28, and 29(a), (b) and (c) are severally being denied and overruled, and defendant is being required and ordered to make timely answers to those interrogatories and each of them.

In the portion of ruling just announced, and over argument by defendant that much of the matter inquired about involves only the defendant's opinions, the court holds that what the challenged interrogatories seek is distinctly factual material. This is especially true of questions 13, 16(a) to (f), 17, 24, 25, 27(a) and (b), 28 and 29(a), (b) and (c). Some factual inquiry within its family may have to be made by the defendant preliminary to the answering of those queries. But the answers, once resolved upon, will be declarations of fact, and they will not be reduced to the stature of opinion, even though they may rest upon a measure of faith in human testimony. A vast deal of knowledge has that dependence. Yet, it is none the less factual. The objection that interrogatory 12(e) seeks something that is irrelevant and immaterial to any issue in the case is not well taken. It is in this language: "Did the operator of the motor car stop or merely slow down on these previous crossings mentioned in your answer to interrogatory No. 12(d)?" "These previous crossings" refer to three passages in each direction over the crossing where the collision occurred, which had been made by the motor car of defendant involved in the collision earlier in the day of the collision. If, from the answer to the interrogatory objected to, it shall be indicated that a practice existed on the part of defendant's operator to move over the crossing in question in a particular fashion, the court may not, at least thus early, conclude that the practice is wholly irrelevant to the main problem, which is what happened at the crossing on the occasion of the collision.

The order already suggested is being made and given herewith.