**Anne M. BREDICE, Administratrix, etc.,
Plaintiff,**

v.

**DOCTORS HOSPITAL, INC., et al.,
Defendants.**

**Civ. A. No. 3118–67.**

United States District Court,
District of Columbia.

March 11, 1970.

David J. Humphreys, Washington, D. C., for plaintiff.

John L. Laskey, Washington, D. C., for defendants.

## MEMORANDUM OPINION

CORCORAN, District Judge.

### I.

Plaintiff in this malpractice suit moved, pursuant to Rule 34,[1] Federal Rules of Civil Procedure, 28 U.S.C.A., for the production and inspection of two classes of documents:

(1) Minutes and reports of any Board or Committee of Doctors Hospital or its staff concerning the death of Frank J. Bredice on December 11, 1966.

(2) Reports, statements, or memoranda, including reports to the mal-

1. Rule 34 in pertinent part reads:

"Upon motion of any party *showing good cause* therefor * * * the court * * * *may* (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26 (b) and which are in his possession, custody, or control." [Emphasis supplied]

practice carrier, reduced to writing, pertaining to the deceased or his treatment, no matter when or to whom or by whom made.

The pretrial examiner recommended that the motion be denied on grounds of public policy and a failure to show good cause. The plaintiff objected to this recommendation. After considering the memoranda in support of and in opposition to the objection, the oral arguments, and the testimony of Dr. Louis Gillespie, Jr., the Court concludes that the recommendation of the pretrial examiner must be upheld.

## II.

■ The minutes and reports of the boards or committees of the Hospital are records of medical staff reviews by committees of doctors acting pursuant to the requirements of the Joint Commissions on Accreditation of Hospitals. The Commission was organized in 1952 to effectuate standardized hospital practices throughout the nation. While lacking legal licensing authority, it is prestigious and can substantially affect the standing of hospitals on a professional basis. Accreditation by the Commission can be gained only by following its recommendations.

Among the recommendations are a number which set out procedures to improve hospital and medical standards through the use of committee review proceedings. These committee proceedings take the form of "staff meetings" of the professional personnel involved in the care and treatment of patients in the hospital. The Commission has said that the "sole objective" of such staff meetings is the "improvement" in the available care and treatment.

"This is facilitated by a thorough review and analysis of the clinical work done in the hospital on at least a monthly basis. It includes consideration of selected deaths, unimproved cases, infections, complications, errors in diagnosis, and results of treatment of patients in the hospital as well as those recently discharged." Standards for Hospital Accreditation, Bulletin of the Joint Commission on Accreditation of Hospitals, No. 3 (August 1953).

"The improvement in care and treatment of hospital patients is the responsibility of the medical staff. To accomplish this, meetings of the medical staff are required to review, analyze, and evaluate the clinical work of its members." Standards of Hospital Accreditation, Chapter II, Part C, ¶ 4 (January 1964).

This committee work is performed with the understanding that all communications originating therein are to be confidential.

Confidentiality is essential to effective functioning of these staff meetings; and these meetings are essential to the continued improvement in the care and treatment of patients. Candid and conscientious evaluation of clinical practices is a *sine qua non* of adequate hospital care. To subject these discussions and deliberations to the discovery process, without a showing of exceptional necessity, would result in terminating such deliberations. Constructive professional criticism cannot occur in an atmosphere of apprehension that one doctor's suggestion will be used as a denunciation of a colleague's conduct in a malpractice suit.

The purpose of these staff meetings is the improvement, through self-analysis, of the efficiency of medical procedures and techniques. They are not a part of current patient care but are in the nature of a retrospective review of the effectiveness of certain medical procedures. The value of these discussions and reviews in the education of the doctors who participate, and the medical students who sit in, is undeniable. This value would be destroyed if the meetings and the names of those participating were to be opened to the discovery process.

"The public interest may be a reason for not permitting inquiry into particular matters by discovery." 4 Moore, Fed-

eral Practice ¶ 26.22(2) at 1287 (2d ed. 1969). As doctors have a responsibility for life and death decisions, the most up-to-date information and techniques must be available to them. There is an overwhelming public interest in having those staff meetings held on a confidential basis so that the flow of ideas and advice can continue unimpeded. Absent evidence of extraordinary circumstances, there is no good cause shown requiring disclosure of the minutes of these meetings. Further, "what someone * * * at a subsequent date thought of these acts or omissions is not relevant to the case." Richards v. Maine Central R., 21 F.R.D. 590 (D.C.Me.1957). These committee meetings, being retrospective with the purpose of self-improvement, are entitled to a qualified privilege on the basis of this overwhelming public interest.

## III.

■ All reports in this case between the hospital and its malpractice insurance carrier postdate the filing of this suit, and in fact were sent only as a consequence of this action. Reports from the insured to its insurance carrier subsequent to the institution of a suit are in furtherance of and for the purpose of aiding in the defense of its case and in the preparation of its attorney for trial. Such reports are part of the attorney's "work product" and are precluded from discovery. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

## IV.

Good cause has not been shown for the production of either set of reports. Martin v. Capital Transit Co., 83 U.S.App. D.C. 239, 170 F.2d 811 (1948); Safeway Stores, Inc. v. Reynolds, 85 U.S.App. D.C. 194, 176 F.2d 476 (1949).

Accordingly the objections to the recommendation of the pretrial examiner are overruled.