Anne M. BREDICE, Admin., etc.,
Plaintiff,

v.

DOCTORS HOSPITAL, INC., et al.,
Defendants.

Civ. A. No. 3118-67.

United States District Court,
District of Columbia.

Oct. 13, 1970.

David J. Humphreys, and Irving R. M. Panzer, Washington, D. C., for plaintiff.

James A. Welch, Washington, D. C., for defendants Zehner, Garnett, Andrina, Tsoi & Stubbs.

David N. Webster, Washington, D. C., for defendant Bailey.

Francis L. Casey, Jr., Washington, D. C., for defendant Romansky.

John L. Laskey, Jackson, Gray & Laskey, Washington, D. C., for defendant Doctors Hospital, Inc.

## MEMORANDUM OPINION AND ORDER

JUNE L. GREEN, District Judge.

Subsequent to July 1, 1970 (the effective date of the amendments to the Federal Rules of Civil Procedure), plaintiff filed a request for production of documents by the defendant, Doctors Hospital, Inc., designating the following documents:

1. Minutes and reports of any. Board or Committee of Doctors Hospital or its staff concerning the death of Frank J. Bredice on December 11, 1966.

2. Reports, statements or memoranda, including reports to the malpractice carrier, reduced to writing, no matter when or by whom sent, concerning the death of Frank J. Bredice on December 11, 1966.

In each instance, the material requested is the same material which was the subject of plaintiff's earlier Motion for Production and Inspection. The defendant Hospital resisted this Motion, and the Motion was denied by Judge Corcoran of this Court pursuant to his Opinion filed herein on March 11, 1970, 50 F.R.D. 249.

The defendant Hospital has filed its Objections to the present request for

production of the documents specified, and both parties have filed memoranda in support of and in opposition to said Objections. The Court has carefully considered the memoranda and oral argument of counsel, as well as the Opinion of Judge Corcoran above referred to. In this Opinion, Judge Corcoran analyzed the considerations of public policy supporting the extension of qualified privilege of confidentiality concerning the subject matter of the meetings of the hospital staff review committees, and this Court now adheres to his ruling that the proceedings at such meetings are entitled to a qualified privilege on the basis of the overwhelming public interest found to exist by Judge Corcoran on the evidence before him.

The Court also adheres to Judge Corcoran's ruling regarding item 2 of the request, all of the material covered by said request having been generated subsequent to the institution of this suit.

Therefore, it is by the Court, this 12th day of October, 1970,

Adjudged, ordered and decreed that the objections of defendant, Doctors Hospital, Inc., to the request for production of documents be and the same hereby are sustained.