NAZARETH LITERARY AND BENEVO-
LENT INSTITUTION, d/b/a SS. Mary &
Elizabeth Hospital, et al., Petitioners,

v.

Honorable Raymond C. STEPHENSON,
Judge, Jefferson Circuit Court,
Respondent.

Court of Appeals of Kentucky.

Dec. 7, 1973.

Frank P. Doheny, Jr., Woodward, Hobson & Fulton, John T. Ballantine, Ogden, Robertson & Marshall, Louisville, for petitioners.

Ephraim K. Lawrence, Jr., Lawrence & Duvall, C. M. Leibson, Leibson, Dolt & McCarthy, Theodore L. Mussler, Jr., Murphy & Mussler, Louisville, for respondent.

REED, Justice.

The petitioners are SS. Mary and Elizabeth Hospital and three physicians who are defendants in a civil action pending in the division of the Jefferson Circuit Court over which the respondent judge presides. According to the pleadings, the plaintiff in the civil action alleges malpractice on the part of the physicians and negligence on the part of the hospital causing serious, permanent, personal injury. The controversy concerns the discoverability of several written statements received by the hospital from physician members of its staff in which reports are made about the professional activities of one of the defendant physicians.

It appears that this particular physician possessed temporary hospital staff privi-

leges at the time of the incident which gave rise to the cause of action for personal injury. Plaintiff charged that the hospital knew or should have known that the physician was incompetent. According to the hospital, it decided to refuse to grant permanent staff privileges to this physician, but under its internal operating procedures he was entitled to a hearing before the hospital board. In anticipation of this hearing, the hospital solicited and received the statements and reports of physician members of its staff to which the request for discovery was addressed.

The trial judge directed the hospital to produce these statements despite the hospital's plea that they were not discoverable. The trial court ordered that, upon continuing failure to make the evidence available, the hospital's answer would be stricken and judgment by default would be entered against it on the issue of liability. The hospital applied to this court for an order of prohibition directed to the trial judge by the terms of which he would be forbidden to enforce this order. A judge of this court granted a temporary order of prohibition. After oral argument and consideration of the briefs filed on the issue presented, we are of the opinion that the temporary order of prohibition heretofore issued must be dissolved and a permanent order of prohibition denied for the reasons later stated herein.

█ It is important to note that a serious procedural question was presented at the outset. It was argued on behalf of the respondent judge that the petitioners had an adequate remedy by appeal and that in the instance presented by the record this court should adhere to its traditional position of refusing to issue an extraordinary supervisory order under the authority vested in it by Section 110 of the Constitution of Kentucky. In view of the disposition made of this application on the merits, and since all parties to the appeal agree that the issue is one of positive public interest, and in further consideration of the circumstance that the new rules of procedure for discovery

became effective October 1, 1971, which represented a complete overhaul of the rules of discovery theretofore existing, we have decided to express our understanding of the applicable law in the situation presented. We adopted the same course in Wiglesworth v. Wright, Ky., 269 S.W.2d 263 (1954). Here, as in that case, there is presented a period of transition from old to new methods of practice.

The hospital's contention that the requested material is not discoverable is actually based upon two propositions: first, that the written reports really constitute the same situation as is presented by the work product of a lawyer; second, that the material sought should be regarded as privileged matter which should remain confidential because of considerations of public policy.

█ So far as the proposition that the reports constitute the work product of a lawyer is concerned, we have no difficulty in rejecting it out of hand. In the first place, these reports were not part of a lawyer's file developed in anticipation of litigation. In the second place, if we indulged the hospital's argument to the extent of wrapping an aura of judicial protection around its internally operated hearing procedures, we would still be faced with the recognized rule that documents prepared in preparation of one case are not protected from discovery in a later case where they may be relevant to the issues involved. See Terrell v. Western Casualty & Surety Company, Ky., 427 S.W.2d 825 (1968).

█ The second proposition advanced by the hospital is addressed to considerations of public policy. It is argued that this court should engraft an exception to the procedural rules for discovery that such reports as are sought here must remain confidential because their revelation would impede the freedom of communication between physicians and hospital authorities concerning proper methods of treatment and the corrections of mistakes.

Although this might be regarded as an initially appealing argument, on reflection, one might well debate wherein the public interest lies. Claims of privilege are carefully scrutinized, and impediments to the discovery of truth are afforded validity in relatively few instances in the common law. In any event, we find no applicable privilege expressed in either the general law of evidence existing in this state or in the statutes of this state expressing any protection of confidentiality in the situation presented.

Under CR 26.02, as presently formulated, the expressed policy is that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, and this includes the existence, description, nature, custody, condition and location of any documents and the identity and location of persons having knowledge of any discoverable matter. It is unnecessary to consider whether the limiting word "relevant" is used in the sense of the law of evidence or whether it is used in the common dictionary sense. The expression in the rule is "relevant to the subject matter involved in the pending action." There can be no question in the case before us that the requested material is surely relevant to the subject matter involved in the personal injury suit which asserts liability against the hospital for the alleged incompetent action or omission of the physician who possessed staff privileges.

The only authority favorable to the hospital's contention is the two decisions of the Federal District Court for the District of Columbia in Bredice v. Doctors' Hospital, Inc., 50 F.R.D. 249 (1970), and Bredice v. Doctors' Hospital, Inc., 51 F.R.D. 187 (1970). We consider that the applicability of those decisions to the situation presented in this case was seriously undermined in Gillman v. United States, 53 F.R.D. 316 (D.C.S.D.N.Y.1971).

In Bredice the trial judge judicially created a qualified privilege under the federal rules of procedure as they then existed with respect to staff conferences and reports concerning a patient's death. In Gillman, however, the trial judge, although paying decent respect to the decision in Bredice, refused to extend it beyond its precise facts and held that although the plaintiff was not entitled to production of reports of a board of inquiry set up by the director of a hospital after a patient's suicide to determine whether hospital personnel should be disciplined or hospital procedures changed, the plaintiff was, nevertheless, entitled to the testimony of hospital personnel given before the board of inquiry relating to what actually happened on the occasion that was the subject of plaintiff's pending civil action for damages allowable under the Federal Tort Claims Act.

In our view, the correct disposition is declared in Kenney v. Superior Court, 255 Cal.App.2d 106, 63 Cal.Rptr. 84 (1967). In the Kenney case, the court considered an application for extraordinary relief in the form of an order of mandamus. The court held that the plaintiff who had sued a physician for medical malpractice was entitled to discovery of any hospital records of the physician's disciplinary proceedings, status on the hospital staff, and removal therefrom. For a general discussion see Annotation: Discovery—Medical Malpractice Action, 15 ALR 3d 1446.

It is interesting to note that we are not here dealing with the question of a request for a protective order. The hospital did not seek a protective order for control or limitation or deletion of portions of the written material. It espoused the argument that the written material was simply not discoverable. We, therefore, express no opinion on the availability of or the extent of limitations allowable by means of a protective order in the circumstances.

It is our conclusion that the temporary writ of prohibition heretofore issued herein should be and is dissolved. The petition for a permanent order of prohibition is denied.

All concur except JONES and STEPHENSON, JJ., who dissent.