**Marjorie Louise DAVIDSON, Plaintiff,**

v.

**Mason M. LIGHT, Ronald W. Meyer, John S. Tarr, Jr., and Gunnison County Public Hospital, Defendants.**

Civ. A. No. 76–A–678.

United States District Court,
D. Colorado.

June 28, 1978.

138

Neef, Swanson & Myer by Robert Swanson and William P. Denious, Denver, Colo., for plaintiff.

Walberg and Pryor by Peter W. Pryor, Denver, Colo., for John S. Tarr, Jr.

Yegge, Hall & Evans by Richard D. Hall, Denver, Colo., for Mason M. Light and Ronald W. Meyer.

Montgomery, Little, Young, Campbell & McGrew by Robert R. Montgomery, Denver, Colo., for the Gunnison County Public Hospital.

## MEMORANDUM OPINION AND ORDER COMPELLING PRODUCTION

ARRAJ, District Judge.

This medical malpractice and negligence diversity action arises out of plaintiff's treatment for a compound fracture of the left femur at the Gunnison County Public Hospital during June of 1974. Presently before the Court is plaintiff's motion for an order compelling the production of an "Infection Control Report," prepared by the hospital's Infection Control Committee following discovery of the infected and gangrenous condition of plaintiff's leg.

The defendant hospital has refused to produce the report in question for plaintiff's examination, arguing that a special public interest in maintaining the confidentiality of the report immunizes it from discovery. Plaintiff counters this position by pointing to the general policy of the federal discovery rules, which is to permit discovery of any matter, not privileged, relevant to the subject matter of the pending action. Fed.R.Civ.P. 26(b). The strength of the policies supporting both positions place this matter nearly in equipoise, though I am convinced that, on balance, plaintiff's motion should be granted.

To support its position of not disclosing the report, the hospital relies upon both Colorado and federal case law, proposed Federal Rule of Evidence 502 and C.R.S. § 12–43.5–101 et seq. (1975). Though these authorities all relate to this situation to some degree, their combined effect is inadequate to prevent discovery of the Infection Control Report.

As revealed by counsel, and my own research, the case law on this subject is scanty at best. The principal case recognizing a qualified immunity from discovery for the minutes and reports of hospital review boards or committees is *Bredice v. Doctors Hospital, Inc.*, 50 F.R.D. 249 (D.D.C.1970), which was reconsidered and decided in an identical way after the effective date of revisions to the Federal Rules of Civil Procedure, at 51 F.R.D. 187 (D.D.C.1970), *affirmed without opinion*, 156 U.S.App.D.C.

199, 479 F.2d 920 (1973). This decision was grounded on a perceived strong public interest in promoting health care improvements by preserving the confidentiality of hospital staff meetings and thereby encouraging free and open discussion. On this basis, the records of such meetings were deemed privileged and beyond the scope of discovery by the *Bredice* court. Free discussion among hospital employees during committee meetings has been found to be relatively unaffected, however, by the discovery of factual data relied upon by a hospital staff review group in producing a report. Such factual data was determined to be discoverable in *Gillman v. United States*, 53 F.R.D. 316 (S.D.N.Y.1971), on the bases that its discovery would not impair the quality of discussion by the reviewing body and that the information was unusually unique, as well as being virtually the only account of the relevant facts available to the plaintiff.

In the present case, the Infection Control Report at issue apparently contains both factual data relating to the plaintiff's infection, and opinions or evaluations by the review committee of the care received by the plaintiff from the staff. *Defendant's Brief Resisting Motion to Produce Review Committee Report*, 3–4. The report's mixed nature indicates that the review committee involved here, unlike that in *Bredice*, functions as a part of current patient care, investigating the source of infections and attempting to control their proliferation. Though its function necessarily involves the evaluation of clinical practices, the committee obviously exists to implement hospital policy with regard to a specific problem, not to formulate or review hospital policies generally. The specificity of this function, and its lack of impact on the overall control of patient care, distinguish the Infection Control Committee from committees described in *Bredice*, which were:

> . . . not a part of current patient care but are in the nature of a retrospective review of the effectiveness of certain medical procedures. 50 F.R.D. 249, 250.

The functional differences between the committees involved here and those described in *Bredice* are not the only characteristics distinguishing the two cases. It is also apparent here that some of the Infection Control Committee's activities have already been described to the plaintiff, due to the apparent release by the hospital of that committee's meeting minutes to the plaintiff. *Plaintiff's Brief in Support of Motion to Compel,* 1. No such breach in confidentiality occurred in the *Bredice* situation.

The fact that the Infection Control Committee was established to deal with a specific problem arising in the hospital on occasion, when considered in light of the previous revelation to plaintiff of the committee's minutes, persuades me that the *Bredice* decision should not be applied in this situation. The committee involved here does not evaluate hospital policy generally, but presumably is called upon only when an infection problem exists, as was the case here. At such times, the source of an infection is investigated and activity is undertaken to eradicate the infection. This role is not such as to be susceptible to inhibition due to the discoverability of the committee's reports.

■ The hospital also relies on Rule 502 of the Federal Rules of Evidence to preclude discovery of the Infection Control Report. However, Rule 502 was not enacted into law in 1975 along with the other rules of evidence adopted by Congress, though it was included in the version of the rules promulgated by the United States Supreme Court. Thus, Rule 502 is without effect, and the general rule found in Fed. R.Ev. 501 is controlling. Further, even if Rule 502 had been enacted into law and could be applied here, it would not necessarily prevent discovery of this report, because admissibility is not a criterion of discovery so long as the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b).

■ A Colorado statute is brought to the attention of the Court by the defendant hospital as an indication that this report is not discoverable. The hospital concentrates on the statement of policy found in C.R.S. § 12–43.5–101 *et seq.* (1975), rather than specific provisions of this statute, to support its position. This is probably because the statute is concerned with committees set up to review the conduct of physicians in their professional capacities, rather than the activities of hospital infection control committees. Admittedly, this statute does afford certain immunities to members of the committees with which it is concerned, but infection control committees and their members are obviously not included. The applicability of this statute is further undermined by the fact that at enactment, it was limited in application to matters occurring on and after July 1, 1975. 1975 *Colo.Sess. Laws,* Chap. 126, pp. 465–67, § 2. Considering that plaintiff was the hospital's patient in June, 1974, the committee report on her infection undoubtedly preceded the effective date of the statute. Certainly, defendant cannot assert that the report in question was produced in reliance on the policy of a statute not passed until a year after the facts giving rise to the report took place.

The final matter requiring discussion is the hospital's attempt to distinguish these facts from those in *Bernardi v. Community Hospital Association,* 166 Colo. 280, 443 P.2d 708 (1968). The distinction defendant makes between the discovery of factual data, and opinions or conclusions, is not unfounded, though defendant's ultimate conclusion that the *Bernardi* result should not apply here is unacceptable. The report of the Infection Control Committee is more closely analogous to the "incident report" found in *Bernardi* to be discoverable than it is to the minutes and reports in *Bredice, supra,* because it is concerned primarily with the problem of a single patient, relates to current patient care, and is generated because of a specific incident or occurrence rather than a general desire for discussion or improvement. *Bernardi* thus reinforces the conclusion that this report is discoverable.

In conclusion, the cases which protect certain reports generated by hospital committees from discovery are inapplicable to this situation, as those decisions involve committees established for purposes other than those which explain the existence of the Infection Control Committee here. In addition, the rule of evidence and the Colorado statute relied upon by the defendant do not suffice to prevent the discovery of this report. Finally, the Colorado Supreme Court's decision in the *Bernardi* case actually encourages discovery of the type of report involved here, rather than preventing the report's discovery. It should be noted however, that this conclusion is not to be construed as an indication that the contents of this report would be admissible at the trial of this action. This question is specifically reserved until such time as it arises in trial. On the basis of the foregoing, it is

ORDERED that defendant Gunnison County Public Hospital produce the Infection Control Report of its Infection Control Committee relating to Marjorie Louise Davidson, for plaintiff's examination at the earliest feasible time.