**UNITED STATES of America**

v.

**The DEXTER CORPORATION.**

**Civ. No. H–89–393(AHN).**

United States District Court,
D. Connecticut.

July 9, 1990.

Donald A. Carr, H. Michael Semler, Environmental Enforcement Section, Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., Stanley A. Twardy, Jr., U.S. Atty., Ruth Ann McQuade, Asst. U.S. Atty., Pamela Zeller, Mark Turnage, Daniel Widawsky, interns, New Haven, Conn., Richard F. Webb, Asst. Atty. Gen., Hartford, Conn., Carol R. Wasserman, Asst. Regional Counsel, U.S.E.P.A., Boston, Mass., for plaintiff.

Charles J. Nicol, Harold M. Blinderman, Thomas J. Shortell, Elizabeth C. Barton, Updike, Kelly & Spellacy, P.C., Hartford, Conn., for defendant.

John M. Looney, Asst. Atty. Gen., Hartford, Conn., for Carothers.

## RULING ON DEFENDANT'S OBJECTION TO MAGISTRATE'S RECOMMENDED RULING

NEVAS, District Judge.

On March 9, 1990 United States Magistrate Thomas P. Smith granted the United States of America and the State of Connecticut's motion to compel discovery pursuant to Rule 26, Fed.R.Civ.P., finding that the "self-evaluative" privilege does not have "any application in an action brought by the government pursuant to the Clean Water Act." The court affirmed the Magistrate's Recommended Ruling on April 2, 1990. Defendant Dexter Corporation then filed a motion for reconsideration (filing no. 91). The court heard oral argument on May 11, 1990 but reserved ruling on the issue of the applicability of the self-evaluative privilege in the context of the Clean Water Act. The court grants the motion for Reconsideration. After reviewing the record and relevant case law, the court reaffirms its ruling affirming the Magistrate's Recommended Ruling.

The Federal Rules of Civil Procedure establish a broad standard for discoverable material as "parties may obtain discovery regarding any matter, *not privileged,* which is relevant to the subject matter involved in the pending action. . . ." Rule 26(b)(1), Fed.R.Civ.P. (emphasis added).

Since privileges enumerated in the Federal Rules of Evidence apply to "all stages of all actions, cases and proceedings[,]" the Rules of Evidence determine which matters and communications are shielded from discovery. Rule 1101(c), Fed.R.Evid. Rule 501 states that "[e]xcept as otherwise required ... the privilege of a witness, person, government ... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."

The seminal statement of the "self-critical" privilege was made in a suit for medical malpractice, *Bredice v. Doctor's Hosp., Inc.*, 50 F.R.D. 249 (D.D.C.1970). The *Bredice* court held that, absent evidence of extraordinary circumstances, a hospital has a qualified privilege to retain the minutes and reports of medical staff meetings during which doctors critically analyzed the hospital's medical care. *Id.* at 250–51. The court recognized the privilege based on the proposition that "[t]he public interest may be a reason for not permitting inquiry into particular matters by discovery." *Id.* (quoting *4 J. Moore, Moore's Federal Practice*, ¶ 26.22(2) (2d ed. 1969)). Considering that a lack of confidentiality would destroy the "constructive professional criticism" that is "essential to the continued improvement in the care and treatment of patients," the court concluded that "there is an overwhelming public interest in having those staff meetings held on a confidential basis so that the flow of ideas and advice can continue unimpeded." *Id.*

The "self-critical" privilege has also been recognized in a variety of actions in which confidentiality is "essential to the free flow of information and ... the free flow of information is essential to promote recognized public interests." Note, *The Privilege of Self-Critical Analysis*, 96 Harv.L. Rev. 1083, 1087 (1983). *See, e.g., Richards v. Maine Cent. R.R.*, 21 F.R.D. 590 (D.Me. 1957) (recognizing a self-evaluative privilege to railroad company's investigation of an accident in light of the public's stake in the improvement of railroad safety); *O'Connor v. Chrysler Corp.*, 86 F.R.D. 211 (D.Mass.1980) (disclosure of self-critical documents regarding corporation personnel policy would have a "chilling effect" on employer's voluntary compliance with equal employment opportunity laws). However, the courts have "refused its application where ... the documents in question have been sought by a governmental agency." *Federal Trade Commission v. TRW, Inc.*, 628 F.2d 207, 210 (D.C.Cir. 1980). *See also Emerson Elec. Co. v. Schlesinger*, 609 F.2d 898 (8th Cir.1979); *United States v. Noall*, 587 F.2d 123 (2d Cir.1978), *cert. denied*, 441 U.S. 923, 99 S.Ct. 2031, 60 L.Ed.2d 396 (1979) (Friendly, J.); *Reynolds Metals Co. v. Rumsfeld*, 564 F.2d 663 (4th Cir.1977), *cert. denied*, 435 U.S. 995, 98 S.Ct. 1646, 56 L.Ed.2d 84 (1978). Although these cases did not involve discovery pursuant to the Federal Rules of Civil Procedure, they suggest that since the "self-critical" privilege is rooted in promotion of the public interest, a court should take cognizance, in an action brought by the United States to enforce duly enacted laws, of Congress's role in declaring what is in the public interest. *Cf. United States v. Noall*, 587 F.2d at 126 (the privilege does not apply to enforcement of tax laws because Congress has decided the policy issue). For as Justice Holmes noted, "[t]he [l]egislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed." *Fed. Trade Comm. v. Jantzen, Inc.*, 386 U.S. 228, 233, 87 S.Ct. 998, 1001, 18 L.Ed.2d 11 (1967) (quoting *Johnson v. U.S.*, 163 F. 30, 32 (1908)).

In the instant case, the court notes that Congress has made an explicit declaration of public policy for "it is the policy of the United States that there should be no discharges of oil or hazardous substances into or upon the navigable waters of the United States...." 33 U.S.C. § 1321(b)(1). Furthermore, while the named plaintiff is the United States of America, the suit was brought "at the request of the Administrator of the Environmental Protection Agency," who is empowered to "commence a civil action" against any person who has violated the Clean Water Act, 33 U.S.C.

§ 1321(b)(6)(B). The court finds that as "exceptions to the demand for every man's evidence ... are in derogation of the search for truth," *United States v. Nixon*, 418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974), the application of the "self-critical" privilege in this action would effectively impede the Administrator's ability to enforce the Clean Water Act, and would be contrary to stated public policy.

### Conclusion

For the foregoing reasons, the court finds that in an action brought by the United States government to enforce the Clean Water Act, 33 U.S.C. §§ 1319(b), 1319(d), 1321(b)(6)(B) (1988), a corporation does not have a qualified privilege against disclosure of self-evaluative documents.

SO ORDERED.