**Peter J. WAINWRIGHT, Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Schindler Elevator Company, Westinghouse Electric Corporation, and Westinghouse Elevator Company, Defendants.**

**Civ. A. No. 93–0044 (RCL).**

United States District Court, District of Columbia.

Oct. 17, 1995.

Robert Brian Cave, Emily M. Yinger, Hogan & Hartson, L.L.P., Washington, DC, for Plaintiff.

Robert John Kniaz, Gerard Joseph Stief, WMATA, Office of General Counsel, Washington, DC, for WMATA.

Edward T. Longosz, Miles & Stockbridge, Washington, DC, Adam White Smith, Fairfax, VA, for Schindler Elevator Co.

Adam White Smith, Fairfax, VA, for Westinghouse (Both Defendants).

## *MEMORANDUM OPINION AND ORDER*

LAMBERTH, District Judge.

This case comes before the court on several discovery-related motions by plaintiff and defendants. Based upon the various motions, oppositions and replies, and as further discussed herein, it is hereby ORDERED that:

1. Plaintiff Wainwright's motion of May 7, 1993 to compel answers to interrogatories and production of documents from defendants Schindler Elevator Company, Westinghouse Electric Corporation and Westinghouse Elevator Company (collectively "Schindler") is GRANTED with the exceptions noted below.

2. Wainwright's motion of June 3, 1993 to compel discovery from defendant Washington Metropolitan Area Transit Authority ("WMATA") is GRANTED with the exceptions noted below.

3. Schindler's motion of June 1, 1993 to compel physical examination of Wainwright is DENIED. WMATA has made a similar request to which Wainwright has agreed. Schindler is instructed to avail itself of the WMATA examination unless Schindler can show cause why a second examination is necessary.

4. Schindler's motion of June 1, 1993 to compel deposition of Wainwright's experts is GRANTED in accordance with Fed.R.Civ.P. 26(b)(4), subject to the schedule established pursuant to this opinion and order, as more fully set forth below.

5. Wainwright's motion of July 16, 1993 to compel WMATA to produce a qualified and informed Rule 30(b)(6) designee is GRANTED. The transcript of the deposition of WMATA's existing designee suggests that he is either unwilling to testify or uninformed about relevant matters.

6. WMATA's motion of July 20, 1993 for a protective order pertaining to requests made of Failure Analysis Associates, Inc., is DENIED for the reasons set forth below.

7. Wainwright's motion of July 26, 1993 to compel discovery from Schindler is GRANTED, subject to an appropriate protective order as more fully set forth below.

8. Schindler's motion of August 16, 1993 for a protective order is conditionally GRANTED. Disclosure or use of proprietary information related to Schindler's shutdown device is prohibited, as more fully set forth below.

9. Wainwright's motion of July 30, 1993 to extend discovery, and for costs and attorneys' fees is granted in part and denied in part. The motion is GRANTED *nunc pro tunc* with respect to the extension of discovery beyond August 1, 1993. The motion is DENIED with respect to costs and fees. Both segments of the motion are discussed further below.

10. Wainwright's unopposed motion of June 29, 1994 for a status conference is GRANTED.

## PLAINTIFF'S MOTION OF MAY 7, 1993 TO COMPEL DISCOVERY FROM SCHINDLER

■ Wainwright alleges that Schindler has suppressed information regarding other escalator entrapments, notice of defects as to this and similar escalators, information on post-injury remedial acts, basic mechanical drawings, internal memoranda and correspondence. Wainwright further contends that Schindler has been unwilling to disclose its understanding of the facts surrounding Wainwright's injury, notwithstanding Schindler's assertion of a contributory negligence defense. Finally, Wainwright seeks a list of documents withheld on privilege grounds, and the basis for Schindler's claim of privilege.

In response, Schindler argues that Wainwright's requests must be limited as to time, geographic location, and substantially similar accidents involving step-combplate entrapments. This court concurs in the step-combplate restriction. However, Schindler has not advanced a coherent argument for limiting discovery to specific WMATA escalators. Nor has Schindler substantiated that it would be excessively burdensome to fulfill Wainwright's requests. Wainwright has agreed to confine his requests to entrapments that have occurred since 1985. Absent a further showing by Schindler of hard-

ship, this time frame appears to be reasonable.

■ Schindler contends that the description of factual circumstances sought by Wainwright is work product prepared in anticipation of litigation. The accident investigation, counters Wainwright, was a routine business report not work product; and discovery is permissible in any event due to Wainwright's inability to obtain similar information from alternative sources. The court finds that Schindler has not met its burden under Fed. R.Civ.P. 26(b)(5) to "enable other parties to assess the applicability of the privilege or protection [of trial preparation materials]."

Considering these and related matters, the court hereby orders Schindler to produce: (1) Information on step-combplate incidents on all WMATA escalators from 1985 forward. (2) Schindler's accident investigation report. (3) A list of documents withheld on privilege grounds, and the basis for the assertion of privilege. (4) Information on post-injury remedial acts that might lead to admissible evidence on the feasibility of precautionary measures pursuant to Fed.R.Evid. 407. (5) An identification of other non-Schindler persons who may have caused or contributed to Wainwright's injury, together with a statement of factual circumstances in support of Schindler's allegations of contributory negligence. (6) Design drawings covering a narrowed list, to be produced by Wainwright, of mechanical and electrical components that may have caused or contributed to Wainwright's injury.

### PLAINTIFF'S MOTION OF JUNE 3, 1993 TO COMPEL DISCOVERY FROM WMATA

■ According to Wainwright, WMATA has suppressed information on other escalator entrapments, training of WMATA employees, notice of defects as to escalators of the same class or model, basic facts surrounding Wainwright's injury (including pictures taken after the injury), and WMATA's cross-claim against Schindler. Wainwright also seeks a list of documents withheld on privilege grounds, and the basis for WMATA's assertion of privilege.

WMATA responds that Wainwright's requests for discovery are overbroad and vague, that Wainwright has failed to limit his requests by time, location and scope, and that certain requests are subject to attorney-client and work product privileges. WMATA wants to confine requests to step-combplate accidents on escalator #1 at Dupont Circle, and provide only summary listings on other incidents back to 1984. While WMATA is willing to furnish photographs and blueprints, it objects to discovery of information underlying its cross-claims against Schindler. WMATA also objects on relevancy grounds to discovery of employee training information, given that the station attendant submitted an affidavit denying he was unable to locate an emergency cutoff switch.

■ The court agrees with Wainwright that WMATA has not supported its assertion of undue burden in fulfilling Wainwright's requests. WMATA has not indicated the number of incidents involved, nor the number of documents, nor the number of work hours. Moreover, summary data are no substitute for detailed documentation; communications between WMATA and Schindler regarding safety, design and maintenance are relevant; and factual disputes over an employee's ability to locate a switch cannot be the basis upon which discovery is foreclosed.

Considering these and related matters, the court hereby orders WMATA to produce: (1) Information on step-combplate incidents on all WMATA escalators from 1985 forward. (2) A list of documents withheld on privilege grounds, and the basis for the assertion of privilege. (3) Information on training of WMATA employees. (4) Notice of defects as to escalators of the same class or model. (5) Basic facts surrounding Wainwright's injury (including pictures taken after the injury). (6) Information underlying WMATA's cross-claim against Schindler.

### WMATA'S MOTION OF JULY 20, 1993 FOR A PROTECTIVE ORDER

■ WMATA redacted certain portions (specifically, the summary and conclusions) of a report by Failure Analysis Associates, Inc. ("FAA"), a company that performed confidential testing of escalators on WMATA's

behalf. The redacted portions were withheld from Wainwright's discovery on grounds of self-evaluative privilege and deliberative process privilege. The court finds that neither privilege is applicable, and that in any event a balancing test would favor discovery. Accordingly, WMATA's motion for a protective order is denied.

The self-evaluative privilege was recognized by the District of Columbia in *Bredice v. Doctors Hospital,* 50 F.R.D. 249, 251 (D.D.C.1970). It was held applicable to WMATA safety evaluations in *Gilbert v. WMATA,* C.A. 85–535 (September 3, 1986). The *Gilbert* court applied a balancing test and concluded that public policy in favor of evaluations and safety improvements outweighed Gilbert's need for the materials sought.

Here the FAA report was prepared two weeks prior to the accident. Since a rule permitting discovery would have minimal deterrent effect on such a report, the public policy side of the scale is not so weighty as might be the case with a post-accident investigation. Furthermore, because WMATA repaired the escalator the day following the incident, Wainwright's need for the FAA report is reinforced. This confluence of events suggests that the balancing test applied in *Gilbert* tips the other way in this case.

■ Self-evaluative privilege generally applies to a critique submitted as part of a mandatory government report, *Webb v. Westinghouse Elec.,* 81 F.R.D. 431, 433 (E.D.Pa. 1978), and prepared retrospectively as a component of a post-accident evaluation, *Bredice,* 50 F.R.D. at 251. Neither prong of that two-part standard is met here, thus fortifying our conclusion that the privilege is inapplicable.

■ WMATA also claims a deliberative process privilege, which incorporates a similar balancing test of public policy versus Wainwright's need for the information. *Dowd v. Calabrese,* 101 F.R.D. 427, 430–31 (D.D.C.1984). To qualify for the privilege, documents must be reviewed by the agency head, who must file a formal declaration of privilege describing the withheld materials and the likely consequence if they were to be disclosed. *Northrop Corp. v. McDonnell Douglas Corp.,* 751 F.2d 395, 404–05 n. 11 (D.C.Cir.1984). The court holds that WMATA has not fulfilled the established prerequisites for assertion of a deliberative process privilege.

## PLAINTIFF'S MOTION OF JULY 26, 1993 TO COMPEL DISCOVERY FROM SCHINDLER; SCHINDLER'S MOTION OF AUGUST 16, 1993 FOR A PROTECTIVE ORDER

■ A shut-down device, developed and used elsewhere by Schindler, might have prevented his injury, declares Wainwright. Apparently, Schindler's Rule 30(b)(6) designee was unwilling or unable to testify about the device, thus prompting this motion to compel discovery. Anticipating an objection by Schindler to evidence of "subsequent remedial measures," Wainwright argues that such objection impacts admissibility not discoverability. Fed.R.Civ.P. 26(b). Moreover, the evidence would be admissible to show feasibility of precautions under Fed.R.Evid. 407.

■ Schindler raises two points in opposition. First, Schindler maintains that the shut-down device is irrelevant to strict liability claims. Since strict liability can be sustained where an unreasonably dangerous product leaves the manufacturer's control in a defective condition, design changes or safety devices made after the date of manufacture may not be germane. *Westinghouse Elec. Corp. v. Nutt,* 407 A.2d 606, 610–11 (D.C.1979). This objection is unconvincing. There are eight counts in the complaint against Schindler and WMATA. Two of these lie in strict liability, five in negligence and one (arguably) in contract. Schindler has not disputed that information on the shut-down device might be pertinent to the negligence and contract counts.

■ Also, while a finding of unreasonable danger most often turns on the absence of an available safety device, *id.,* "available" is not synonymous with "existing." A device may be available if it could feasibly have been produced; and subsequent production may be informative as to feasibility of prior production.

■ Schindler's second point in opposition is that the shut-down device is patent-pending (i.e., not yet fully protected), but still qualifies as a proprietary trade secret. Schindler is especially concerned about divulgence of proprietary data insofar as Wainwright's expert is a competitor of Schindler in developing and marketing escalator safety devices. However, Wainwright does not deny that Schindler is entitled to protection of its trade secrets; nor does Wainwright contest, for purposes of this motion, that the design of Schindler's shut-down device constitutes a trade secret. Indeed, Wainwright agreed to a protective order prohibiting disclosure or use of any proprietary information. Such an order complies with Fed. R.Civ.P. 26(c)(7) and will adequately protect any legitimate confidentiality interest Schindler has.

In light of the foregoing, Schindler's motion for a protective order is conditionally granted. Disclosure or use of proprietary information relating to Schindler's shut-down device is prohibited. WMATA's motion to compel discovery from Schindler is granted, subject to the protective order.

## PLAINTIFF'S MOTION OF JULY 30, 1993 TO EXTEND DISCOVERY TIME AND FOR COSTS AND ATTORNEYS' FEES

■ Schindler and WMATA are accused by Wainwright of refusing to answer interrogatories, balking at the production of documents, stonewalling on Rule 30(b)(6) depositions, producing an inadequate expert statement under Rule 26(b)(4)(A)(i), and other transgressions. Wainwright seeks extension of the August 1, 1993 discovery cutoff until thirty days after full and complete discovery is ordered. Wainwright also seeks recovery of costs for useless Rule 30(b)(6) depositions and motions to compel.

WMATA's version is that Wainwright's excess costs were incurred due to overbroad, irrelevant discovery requests. Schindler's variant is that Wainwright's requests were unduly burdensome and not calculated to lead to admissible evidence. Additionally, Schindler chastises Wainwright for not objecting to the Rule 30(b)(6) designee at the time of his deposition, and asserts that the designee was both knowledgeable and forthcoming.

A thirty-day extension of discovery is agreeable to Schindler, although not for further deposition of witnesses already deposed. To the contrary, Wainwright resists any excuse by Schindler to depose new witnesses who could have been deposed prior to the cutoff. Wainwright says he seeks only to counteract obstructionist tactics by Schindler and WMATA. Whatever Wainwright's motivation, and whether or not justified, further deposition of witnesses already deposed may lead to the identification of new witnesses. Accordingly, discovery shall be extended to both identified and new witnesses.

■ The filings on this motion re-play charges and counter-charges raised in connection with prior discovery-related motions. The court is disinclined, at this time, to immerse itself in the merits of each interrogatory and document request; although a greater involvement remains an option should it regrettably become necessary. The court finds at this time that each party shall bear its own costs and attorneys' fees. Although defendants' arguments on the outstanding discovery disputes have been largely rejected, this court does not find the arguments to constitute sanctionable conduct. Wainwright's motion for costs and attorneys' fees is therefore denied.

Wainwright's motion to extend discovery time beyond August 1, 1993 is granted *nunc pro tunc*, without limitation to either identified or new witnesses. The parties shall hold a discovery conference on or before November 7, 1995 for the purpose of establishing a schedule of discovery consistent with this opinion and order. Because there are questions that the court has not addressed herein, the parties at their conference shall endeavor to narrow the remaining disputes. Wainwright shall submit a supplemental memorandum and proposed order on unresolved issues no later than November 13, 1995. Defendants' response and proposed order shall be due on November 20, 1995. Oral argument shall be held at a status conference,

which is hereby set for 3:30 p.m. on November 21, 1995.

SO ORDERED.